IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, THE FOX VALLEY LABORERS' PENSION FUND, and PAT SHALES, Administrator of the Funds, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 1:16-cv-07203<br>) |
| v. | )<br>) Judge Shah |
| HUGH HENRY CONSTRUCTION INC., an Illinois corporation, and TRACEY BIESTERFELDT, individually, | )<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR A FINAL JUDGMENT
ON COUNT IV OF THE COMPLAINT
<u>PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 54(b) AND 56</u>**

Plaintiffs FOX VALLEY LABORERS' HEALTH AND WELFARE FUND ("Welfare Fund"), THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), and PAT SHALES, administrator of the Funds, through their attorneys, Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, hereby respectfully move the Court for entry of partial summary judgment against Defendant Hugh Henry Construction Inc. ("Defendant Company") on Count IV of the Complaint, and for a finding that the judgment is a final judgment under Federal Rule of Civil Procedure 54(b). In support of this motion, the Plaintiffs state:

1. Plaintiffs filed their complaint on July 13, 2016. Complaint [Doc. No. 1]. The Complaint contained the following ten counts (of which Count IV is at issue in this motion):

   (a) Count I seeks payment of delinquencies from Defendant Company as found in an audit for the period of November 1, 2013 through October 31, 2015, for a total principal amount of $130,576.33. Count I is brought under the Employee

(a) Retirement Income Security Act of 1974, as amended ("ERISA") Section 515, 29 U.S.C. § 1145, and the Labor Management Relations Act ("LMRA") Section 301, 29 U.S.C. § 185, giving this Court jurisdiction over the case and making venue proper pursuant to ERISA Sections 502(e)(1) and (2), and 29 U.S.C. § 1132(e)(1) and (2), 29 U.S.C. § 1002(5), and Section 101 of the LMRA, 29 U.S.C. § 152(2).

(b) Count II seeks a finding that Defendant Company and Defendant Tracey Biesterfeldt ("Biesterfeldt") violated the Illinois Wage Payment and Collection Act by making payroll deductions from employees' wages for union dues and/or other union fee obligations for the period of November 1, 2013 through October 31, 2015, and failing to remit those amounts to the Construction and General Laborers' District Council of Chicago and Vicinity ("District Council"). The District Council has authorized the Funds to serve as collection agents on its behalf for purposes of collecting amounts due to it under the Funds' Complaint. This Court has supplemental jurisdiction over Count II, which alleges a state law claim, pursuant to 28 U.S.C. § 1367, and venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b).

(c) Count III seeks a finding of conversion against Defendant Company and Biesterfeldt for making payroll deductions from employees' wages for union dues and/or other union fee obligations for the period of November 1, 2013 through October 31, 2015, and failing to remit those amounts to the District Council, thereby appropriating that money for their own use and benefit. Jurisdiction over Count III is based on 28 I.S.C. § 1367 and venue is proper pursuant to 28 U.S.C. § 1391(b).

(d) Count IV seeks payment of delinquencies from Defendant Company for unpaid contributions owed to the Funds for the month of March 2016, and is brought pursuant to identical provisions of the LMRA and ERISA as alleged in Count I.

(e) Count V is identical to Count II but concerns wage deductions made in March 2016.

(f) Count VI is identical to Count III but concerns wage deductions made in March 2016.

(g) Count VII is identical to Count IV but concerns unpaid contributions owed for the months of May 2016 to the present.

(h) Count VIII is identical to Count V but concerns wage deductions made from May 2016 to the present.

(i) Count IX is identical to Count VI but concerns wage deductions made from May 2016 to the present.

(j) Count X seeks to pierce Defendant Company's corporate veil and enforce Defendant Company's liability against Biesterfeldt as Defendant Company's sole and/or majority shareholder. Jurisdiction over Count X is based on 28 I.S.C. § 1367 and venue is proper pursuant to 28 U.S.C. § 1391(b).

2. Defendants appeared on August 17, 2016 (Appearances [Doc. Nos. 12 and 13]) and filed a motion for an extension of time until September 1, 2016 to answer (Motion for Extension [Doc. No. 14]).

3. Since the Funds believe that the material facts underlying Count IV of the Complaint are undisputed, and since there is no just reason for a delay in resolving the claim brought under Count IV, the Funds bring this motion for summary judgment on Count IV of the Complaint and request that the Court enter a final judgment on that count pursuant to Federal Rule of Civil Procedure 54(b), which permits the Court to enter final judgment on less than all of the claims where "there is no just reason for delay."

4. For the reasons described in the attached Memorandum of Law, the Court should grant the Funds' motion and enter a final judgment against Defendant Company on Count IV of the Complaint in the amount of $81,536.52, plus attorneys' fees and costs.

WHEREFORE, Plaintiffs FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, THE FOX VALLEY LABORERS' PENSION FUND (collectively, "the Funds"), and PAT SHALES, Administrator of the Funds, request entry of a final judgment against Defendant HUGH HENRY CONSTRUCTION INC. on Count IV of the Complaint, in the amount of $81,536.52, and award the Funds their attorneys' fees and costs.

          Respectfully submitted,

          /s/ Elizabeth L. Rowe
          Elizabeth L. Rowe
          One of Plaintiffs' Attorneys

J. Peter Dowd (#0667552)
Josiah A. Groff (#6289628)
Elizabeth L. Rowe (#6316967)
Dowd, Bloch, Bennett, Cervone,
Auerbach & Yokich
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361

August 22, 2016