IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, THE FOX VALLEY LABORERS' PENSION FUND, and PAT SHALES, Administrator of the Funds,<br><br>Plaintiffs,<br><br>v.<br><br>HUGH HENRY CONSTRUCTION INC., an Illinois corporation, and TRACEY BIESTERFELDT, individuals,<br><br>Defendants. | Case No. 16-cv-7203<br><br>Honorable Judge Manish S. Shaw |

## MOTION FOR ENTRY OF AGREED JUDGMENT

Plaintiffs FOX VALLEY LABORERS' HEALTH AND WELFARE FUND ("Welfare Fund"), THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), and PAT SHALES, administrator of the Funds, through their attorneys, Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, hereby respectfully move the Court for entry of an agreed judgment on Count X of the Complaint. In support of their motion, Plaintiffs state as follows:

1. This case was filed on July 15, 2016 (Complaint [Docket No. 1], alleging delinquencies owed to the Funds by corporate defendant Hugh Henry Construction, Inc. ("Hugh Henry"). In Count X of the Complaint, the Funds alleged that Hugh Henry's owner and president, Tracey Biesterfeldt, is personally liable for any amounts owed by Hugh Henry under the doctrine of piercing the corporate veil.

2. The Funds have issued discovery to the Defendants and the parties are resolving discovery disputes. One significant area for discovery is Biesterfeldt's transactions with Hugh

Henry, because the nature and size of those transactions bears on whether Hugh Henry's corporate veil should be pierced in order to hold Biesterfeldt personally liable.

3. In the hope of reducing the scope of discovery and the corresponding burden on the parties, Biesterfeldt has agreed to accept personal liability for all amounts Hugh Henry is held liable for in this case.

4. The parties have reduced that agreement to the written form of an agreed judgment. A copy signed by counsel for both parties is attached. The Funds respectfully request that the Court enter it in order to obviate the need for discovery related solely to the question of veil piercing.

WHEREFORE, based on the reasons stated above, Plaintiffs respectfully request entry of the attached Agreed Judgment Order on Count X of the Complaint, or similar judgment as the Court may find appropriate.

Respectfully Submitted,

/s/ Josiah A. Groff
Josiah A. Groff
One of Plaintiffs' Attorneys

J. Peter Dowd (#0667552)
Josiah A. Groff (#6289628)
Elizabeth L. Rowe (#6316967)
DOWD, BLOCH, BENNETT, CERVONE,
    AUERBACH & YOKICH
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361

January 24, 2017