IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, THE FOX VALLEY LABORERS' PENSION FUND, and PAT SHALES, Administrator of the Funds,<br><br>Judgment Creditors,<br><br>v.<br><br>HUGH HENRY CONSTRUCTION INC., an Illinois corporation, TRACEY BIESTERFELDT, and MICHAEL GALLAGHER, individuals,<br><br>Judgment Debtors,<br><br>and<br><br>CENTAUR CONSTRUCTION CO., INC.,<br><br>Third-party Citation Respondent. | Case No. 16-cv-7203<br><br>Honorable Judge Manish S. Shah |

**JUDGMENT CREDITORS FOX VALLEY LABORERS' FUNDS' REPLY IN OPPOSITION TO JUDGMENT CREDITOR STEVEN D. BLANC, LTD'S OBJECTION TO TURNOVER ORDER DIRECTED AT CENTAUR CONSTRUCTION CO., INC.**

**Factual Background**

Two creditors have judgments against Hugh Henry Construction, Inc. The Fox Valley Laborers' Health and Welfare Fund, the Fox Valley Laborers' Pension Fund, and Pat Shales (collectively, "the Funds"), obtained their judgment in this case and are filing this reply. The Funds' judgment has an outstanding principal balance of $301,121.83 as of the date of this filing. Judgment debtor Steven D. Blanc., Ltd. ("Blanc") has a judgment for $14,184.55 in a state court case in Cook County Circuit Court.

Hugh Henry is owed $20,257.13 by Centaur Construction Company, Inc. ("Centaur"). Both the Funds and Blanc served third-party citations to discover assets on Centaur. The Funds and Blanc now dispute who is entitled to that money held by Centaur.

In his Blanc's Response to Judgment Creditor Fox Valley's Motion for Turnover Order Directed at Centaur Construction, Co., Inc. ("Response" [Docket No. 121]), Blanc asserts that on January 12 (all dates 2018 except as noted), Centaur "accept[ed] service of the Third Party Citation to Discover Assets" through Centaur's president, Peter Alexopoulos(Response ¶6). Blanc does not provide any details on how service was achieved, but an email Blanc provided shows that, on January 12, Blanc's lawyer sent a copy of the third-party citation to discover assets to Alexopoulos by email. Alexopoulos responded that day, "I will review and respond over the weekend as I am out in the field today." Later, on February 8, Alexopoulos responded, "I accept service of the Citation and have also received the Citation via Certified Mail." (A copy of this email exchange is attached as Exhibit A.) On February 8, Blanc obtained a turnover order to Centaur for the total balance of his judgment, issued by the Circuit Court of Cook County, based on Centaur's answer dated February 6 that it was holding $20,257.13 (answer attached as Exhibit B).

The Funds served their third party citation by certified mail, return receipt requested, to Centaur's registered agent, which received it on February 1. (A copy of the certified mail return receipt showing tracking number 7017 1450 0002 1167 6220 is attached as Exhibit C. A copy of the USPS tracking information is attached as Exhibit D.)

The Funds also assert a lien through the Uniform Commercial Code, filed with the Illinois Secretary of State on June 20, 2017. (Relevant filings were attached as Exhibits G and H to the Funds' original Motion for Turnover Order Directed at Centaur [Docket No. 107-1]).

**Argument**

The Funds have priority over Blanc in two respects. First, the Funds have priority back to June 20, 2017, based on their UCC Financing Statement. Second, the Funds have priority based on service of their citation through certified mail, which created a judgment lien on February 1. The January 12 emails between Blanc's counsel and Alexopoulos do not establish service of the third-party citation to discover assets for purposes of creating a judgment lien.

Despite this, Blanc contends that this Court must defer to his February 8 turnover order from the Circuit Court of Cook County under the Rooker-Feldman doctrine. But that doctrine only prevents state court losers from appealing their losses into federal district courts. Here, Blanc is the winner in the state court and the Funds are not challenging his victory. The Rooker-Feldman doctrine does not apply to post-judgment proceedings. Blanc has no other arguments so the Centaur money should be turned over to the Funds.

### I. The Funds Have a Priority Judgment Lien Over Blanc's Judgment Lien Based on The Funds' UCC Filing of June 20, 2017.

Blanc's Response does not address the Funds' UCC filing of June 20, 2017. Lien priorities between citation-created judgment liens and UCC liens are resolved by looking to the date a Financing Statement was filed in connection with the UCC lien. *Laborers' Pension Fund v. A & C Envtl., Inc.*, 2005 U.S. Dist. LEXIS 7892, *7-8 (N.D.Ill. 2005) (Schenkier, Magistrate J.). Thus, there should be no question that the Funds have a priority lien over Blanc by several months due to this UCC financing statement.

## II. Emailing a Citation to Discover Assets Does Not Create a Judgment Lien.

Blanc and the Funds both contend they have judgment liens based on their service of a citation to discover assets on Centaur. "The judgment or balance due on the judgment becomes a lien when a citation is served in accordance with subsection (a) of this Section." 735 ILCS 5/2-1402(m). Where there are two citations served, the earlier-served citation creates the higher-priority judgment lien. *Pontikes v. Perazic*, 295 Ill. App. 3d 478, 485 (2d Dist. 1998).

Blanc has not presented proof that he served his citation on Centaur "in accordance with subsection (a) of this Section [735 ILCS 5/2-1402]" prior to the Funds' service of their lien, because the only form of service Blanc undertook prior to February 1 was service by email. But 735 ILCS 5/2-1402(a) does not allow for service by email. Specifically:

(1) 735 ILCS 5/2-1402(a) states that a "supplementary proceeding shall be commenced by the service of a citation issued by the clerk. The procedure for conducting supplementary proceedings shall be prescribed by rules."

(2) Illinois Supreme Court Rule 277 governing supplementary procedures states that a "citation shall be served and returned in the manner provided by rule for service, otherwise than by publication, of a notice of additional relief upon a party in default."

(3) Illinois Supreme Court Rule 105 governing "Additional Relief Against Parties in Default" allows service: (1) by process server; (2) by "prepaid certified or registered mail addressed to the party, return receipt requested"; or (c) by publication.

Of these three permitted methods for service of a citation to discover assets, the Funds accomplished service on February 1 under option (2), which was before Blanc achieved service under any method. Thus, the Funds have priority by judgment lien, as well as by UCC Financing Statement. *Pontikes*, 295 Ill. App. 3d at 485. To allow Blanc's email service of January 12 to create priority would be to disregard the clear text of 735 ILCS 5/2-1402(m), which says that service must

4

be " in accordance with subsection (a) of this Section." *See also Flip Side Productions, Inc. v. Jam Productions, Ltd.*, 125 F.R.D. 144, 147 (N.D.Ill. 1989) (service of citation ineffective when served only on judgment-debtor's attorney).

**III.    Rooker-Feldman Does Not Apply to Post-Judgment Proceedings.**

In the argument in his Response, Blanc does not dispute the Funds' priority lien rights under either theory. Rather, he asserts that the Rooker-Feldman doctrine deprives this Court of jurisdiction. Blanc's Response does not discuss the doctrine's application to the specific facts of his case. But for the reasons stated below, it does not apply.

Rooker-Feldman serves to prevent losing parties in state court from turning federal district courts into *de facto* appellate state court. As Blanc notes, the doctrine:

> deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment.

*Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008).

The doctrine does not apply here because Blanc is *not* "dissatisfied with a result in state court." *Id*. To the contrary, Blanc is the winner in state court. He received his judgment against Hugh Henry and he received his turnover order against Centaur. Nor are the Funds asking this Court to overturn any state court ruling. *See, Vanhuss v. Kohn Law Firm S.C.*, 127 F. Supp. 3d 980, 986 n.5 (W.D.Wis. 2015) (Rooker-Feldman inapplicable where "state court in this case ultimately ruled *in favor* of plaintiffs" (emphasis in original)).

Courts have held that the doctrine does not apply where no one is seeking that the federal court reverse a state-court judgment. Rooker-Feldman does not bar a federal court from ruling

5

issuing rulings related to efforts to collect on a state court judgment. The "question of whether certain post-judgment enforcement procedures are available may be separable from and collateral to the question of whether a judgment may be entered in the first instance," and only a direct challenge to the state court judgment itself implicates Rooker-Feldman. *Kiowa Indian Tribe of Oklahoma v. Hoover*, 150 F.3d 1163, 1171 (10th Cir. 1998). Nor does Rooker-Feldman prevent a federal court from adjudicating lien priority, notwithstanding prior state court rulings. *In re Quade*, 482 B.R. 217, 235 (Bankr.N.D.Ill. 2012). No one is "seeking to set aside the state-court judgment" Blanc obtained against Hugh Henry. *Orr*, 551 F.3d at 568. Thus, Rooker-Feldman simply does not apply.

Any concern for Centaur being ordered to pay twice is properly raised in Blanc's state court case. Moreover, the facts here do not give rise to any particular concern. Centaur received the Funds' citation on February 1 (Ex. D) and answered Blanc's citation on February 6 (Ex. B). Thus, Centaur had the opportunity to provide notice of conflicting claims in the state court proceeding pursuant to 735 ILCS 5/12-710 or to claim an offset based on the Funds' citation.[1] Any consequences of conflicting claims in the state court proceeding should be raised by Centaur and litigated in that proceeding.

---

[1] The Funds provided both Centaur and Blanc with notice of their request for a turn over order from this court. Scott Kuntz was served as Blanc's attorney in Blanc's state court action against Hugh Henry. (*See* Funds' Certificate of Service [Docket No. 108].)

## Conclusion

WHEREFORE, the Funds respectfully request that this Court enter a turn over order in the form of the attached proposed order, directing Centaur Construction Co., Inc. to turn over to the Funds the amount of $20,257.13 from the amount that it is holding from the account of Judgment Debtor Hugh Henry Construction, Inc., to be applied toward satisfaction of the judgment of August 17, 2017.

| | |
|---|---|
| J. Peter Dowd (#0667552)<br>Josiah A. Groff (#6289628)<br>Elizabeth L. Rowe (#6316967)<br>DOWD, BLOCH, BENNETT, CERVONE,<br>    AUERBACH & YOKICH<br>8 South Michigan Avenue, 19th Floor<br>8 S. Michigan Avenue--19th Floor<br>Chicago, IL 60603<br>312-372-1361 | Respectfully Submitted,<br><br>s/ Josiah A. Groff<br>Josiah A. Groff<br>One of the Judgment Creditors' Attorneys |

March 20, 2018