# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, THE FOX VALLEY LABORERS' PENSION FUND, and PAT SHALES, Administrator of the Funds, | ) ) ) ) ) |
| Judgment Creditors, | ) ) |
| v. | ) ) |
| HUGH HENRY CONSTRUCTION INC., an Illinois corporation, TRACEY BIESTERFELDT, and MICHAEL GALLAGHER, individuals, | ) ) ) ) ) |
| Judgment Debtors, | ) ) |
| and | ) ) |
| ECONOMY CURRENCY EXCHANGE, LTD., | ) ) ) |
| Third-Party Citation Respondent. | |

Case No. 16-cv-7203

Honorable Manish S. Shah

## JUDGMENT CREDITORS' MOTION FOR A JUDGMENT AGAINST ECONOMY CURRENCY EXCHANGE, LTD. FOR TRANSFERRING ASSETS TO THE JUDGMENT DEBTORS IN VIOLATION OF A THIRD-PARTY CITATION TO DISCOVER ASSETS

Judgment Creditors FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, THE FOX VALLEY LABORERS' PENSION FUND, and PAT SHALES, Administrator of the Funds (collectively, "the Funds"), through their attorneys, Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, pursuant to Federal Rules of Civil Procedure 64 and 69, 735 ILCS 5/2-1402, and Illinois Supreme Court Rule 277, respectfully move this Court for relief in aid of the execution of this Court's judgment of August 17, 2017 against Judgment Debtors HUGH HENRY CONSTRUCTION

INC., an Illinois corporation, TRACEY BIESTERFELDT, individually, and MICHAEL GALLAGHER, individually (collectively, "the Debtors"). The evidence establishes that after the Funds served Economy Currency Exchange, Ltd. ("Economy") with a citation prohibiting Economy from allowing any transfer of assets it was holding for the Debtors, Economy accepted checks payable to the Debtors and then transferred assets to the Debtors in the form of cashing those checks, in a total amount of $28,010.86. Therefore, the Funds request that this Court find Economy in contempt for failing to abide by the Third Party Citation to Discover Assets served upon it on February 8 (all dates 2018 unless otherwise noted) and enter a contempt judgment against Economy for the $28,010.86 transferred in violation of the citation.

In support of this motion, Plaintiffs state as follows:

1. On August 17, 2017, the Court entered an Agreed Judgment against Judgment Debtors Hugh Henry Construction Inc. ("Hugh Henry"), Tracey Biesterfeldt, and Michael Gallagher, in the amount of $419,221.93 (Agreed Judgment [Docket No. 66]), of which the principal balance of $153,494.97 remains unsatisfied.

2. On February 8, the District Court Clerk issued a Third Party Citation to Discover Assets against Economy (the "Citation"), regarding any amounts held belonging to Judgment Debtors. (A copy of the Third Party Citation to Discover Assets is attached hereto as Exhibit A.) Pursuant to 735 ILCS 5/2-1401(f) the Citation stated that Economy was "**PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom, a deduction order or garnishment, belonging to the judgment debtor or to which it may be entitled or which may thereafter be acquired by or become due to him or it, and from paying over or otherwise disposing of any moneys not so exempt which

are due or to become due to the judgment debtor, until the further order of the court or the termination of the proceeding, whichever occurs first."

3. On February 8, the Funds served the Citation on Economy by certified mail, return receipt requested. In an accompanying letter, counsel for the Funds specifically warned Economy about cashing checks for the Debtors in light of the Citation's prohibition on transfers to the debtors, advising them that the Citation:

> requires you to freeze any money from Hugh Henry and its owners. This includes any checks Hugh Henry or its owners sign over to you for cashing. If you provide cash in exchange for a check, that is a violation of the citation and I will seek a judgment against Economy Currency Exchange for that.

(A copy of the letter is attached as Exhibit B. A copy of the signed return receipt is attached as Exhibit C.) Pursuant to 735 ILCS 5/2-1402, the citation was mailed to Judgment Debtors within three business days of the service upon Economy.

4. The Citation called for a deposition of a representative of Economy on February 27. But Economy never made a personal appearance. Instead of personally appearing, Economy emailed documents to the Funds' counsel on February 26 (a copy of the email is attached as Exhibit D).

5. It recently came to the Funds' attention that Economy continued to cash checks for the Debtors, despite the warning to Economy in the Funds' counsel's letter of February 8 (Ex. B). Specifically, Economy cashed the following checks for the Debtors, with a total value of $28,010.86:

    (a) on or about May 18, check no. 20051 in the amount of $700.86 from Paris Ceramics America, LLC ("Paris Ceramics") payable to Tracey Biesterfeldt (copy attached as Exhibit E);

    (b) on or about June 11, check no. 17549 in the amount of $15,000.00 from TK Concrete, Inc. ("TK") payable to Hugh Henry Construction, Inc. (copy attached as Exhibit F); and

    (c) on or about July 3, check no. 17582 in the amount of $12,310.00 from TK

payable to Hugh Henry Construction, Inc. (copy attached as Exhibit G).

The Funds became aware of the checks from TK on November 16 when TK provided copies as attachments to an email of that date (a copy of the email is attached as Exhibit H). The Funds became aware of the checks from Paris Ceramics on November 27 when Paris Ceramics provided copies as attachments to an email of that date (a copy of the email is attached as Exhibit I).

6. This disbursement of $28,010.86 was prohibited by the citation which stated that Economy was "**PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom, a deduction order or garnishment, belonging to the judgment debtor *or to which it may be entitled or which may thereafter be acquired by or become due to him or it*, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until the further order of the court or the termination of the proceeding, whichever occurs first" (Ex. A; emphasis added). Thus, the Citation's hold applied not just to money Economy may have been holding when the Citation was served, but also applied to any assets of the Debtors that came into Economy's possession, such as these three checks. *Cacok v. Covington*, 111 F.3d 52, 53 (7th Cir. 1997).

7. Even if Economy provided cash to the Debtors in exchange for the checks, that was a violation of the Citation. When a debtor's asset is given to a third party that is subject to a third-party citation to discover assets, the third party must immediately freeze the asset pending court determination; the third party does not have discretion to determine on its own the proper disposition of that asset. *West Bend Mut. Ins. Co. v. Belmont State Corp.*, 2010 U.S. Dist. LEXIS 136267 *29-34 (N.D.Ill. 2010) (St. Eve, J.). Thus, Economy was obligated by the Citation to freeze the checks upon

receiving them. By converting the Debtors' checks into cash and transferring that cash to the Debtors, Economy violated the citation. *Id*.

8. The remedy for a third-party's violation of a third-party citation to discover assets is for the Court to "enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser." 735 ILCS 5/2-1402(f)(1).

9. Because Economy never made a personal appearance on the Citation, the Citation remains in effect through the present. Ill. Sup. Ct. R 277(f). Alternatively, if the six-month Citation period has expired as of the date the Funds discovered these checks, it was doubtless in effect during the May through July period when Economy cashed the Debtors' three checks, because the Citation was issued by the Court's clerk on February 8 (Ex. A at 4). The Court has authority to extend a citation in order to allow an appropriate motion to be ruled on, absent any concerns about indefinite liens or harassment. *West Bend Mut. Ins. Co.*, 2010 U.S. Dist. LEXIS 136267 *13-15. Extensions should be granted liberally, and an extension is appropriate here because the Funds only recently learned that Economy violated the Citation's prohibition and this motion seeks only to address only those violations. *Id*.

10. The Funds respectfully request that a judgment be entered against Economy personally for $28,010.86 which reflects the amount of assets that Economy caused to be transferred out of the account after being served with the Citation.

**WHEREFORE,** the Funds request that this Court enter judgment against Economy Currency Exchange, Ltd., in the amount of $28,010.86.

| | |
|---|---|
| J. Peter Dowd (#0667552)<br>Josiah A. Groff (#6289628)<br>William M. Kinney (#6286597)<br>Elizabeth L. Rowe (#6316967)<br>DOWD, BLOCH, BENNETT, CERVONE, AUERBACH & YOKICH<br>8 S. Michigan Avenue, 19th Floor<br>Chicago, Illinois 60603<br>(312) 372-1361 | Respectfully submitted,<br><br>/s/ Josiah A. Groff<br><br>One of the Judgment Creditors' Attorneys |

December 5, 2018