IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, THE FOX VALLEY LABORERS' PENSION FUND, and PAT SHALES, Administrator of the Funds, | ) ) ) ) ) |
| Judgment Creditors, | ) ) |
| v. | ) ) |
| HUGH HENRY CONSTRUCTION INC., an Illinois corporation, TRACEY BIESTERFELDT, and MICHAEL GALLAGHER, individuals, | ) ) ) ) ) |
| Judgment Debtors, | ) ) |
| and | ) ) |
| GLOBAL BUILDERS, INC., | ) ) |
| Third-Party Citation Respondent. | ) |

Case No. 16-cv-7203

Honorable Manish S. Shah

### JUDGMENT CREDITORS' MOTION FOR
### A JUDGMENT AGAINST GLOBAL BUILDERS, INC. FOR ALLOWING
### A TRANSFER OF ASSETS BELONGING TO A JUDGMENT DEBTOR
### IN VIOLATION OF A THIRD-PARTY CITATION TO DISCOVER ASSETS

**Introduction**

Judgment Creditors FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, THE FOX VALLEY LABORERS' PENSION FUND, and PAT SHALES, Administrator of the Funds (collectively, "the Funds"), through their attorneys, Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, pursuant to Federal Rules of Civil Procedure 64 and 69, 735 ILCS 5/2-1402, and Illinois Supreme Court Rule 277, respectfully move this Court for relief in aid of the execution of this Court's judgment of August 17, 2017 against Judgment Debtors HUGH HENRY CONSTRUCTION

INC., an Illinois corporation, TRACEY BIESTERFELDT, individually, and MICHAEL GALLAGHER, individually (collectively, "the Debtors"). The evidence establishes that after the Funds served Global Builders, Inc. ("Global") with a citation prohibiting Global from allowing any transfer of assets belonging to the Debtors, Global allowed First American Title Insurance Company National Commercial Services ("First American") to transfer assets First American was holding for Judgment Debtor Hugh Henry Construction, Inc. ("Hugh Henry"), in the total amount of $75,523.77, notwithstanding Global's effective control to prevent the transfer of those assets of Hugh Henry in First American's possession. Therefore, the Funds request that this Court enter judgment against Global for failing to abide by the Third Party Citation to Discover Assets served upon it on October 29 (all dates 2018 unless otherwise noted) and enter a judgment against Global for the $75,523.77 it allowed to be transferred in violation of the citation.

In support of this motion, Plaintiffs state as follows:

1. On August 17, 2017, the Court entered an Agreed Judgment against Judgment Debtors Hugh Henry Construction Inc. ("Hugh Henry"), Tracey Biesterfeldt, and Michael Gallagher, in the amount of $419,221.93 (Agreed Judgment [Docket No. 66]), of which the principal balance of $153,494.97 remains unsatisfied.

2. On October 26, the District Court Clerk issued a Third Party Citation to Discover Assets against Global (the "Citation"), regarding any amounts held belonging to Judgment Debtors. (A copy of the Third Party Citation to Discover Assets is attached hereto as Exhibit A.) Pursuant to 735 ILCS 5/2-1401(f) the Citation stated that Economy was "**PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom, a deduction order or garnishment, belonging to the judgment

2

debtor or to which it may be entitled or which may thereafter be acquired by or become due to him or it, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until the further order of the court or the termination of the proceeding, whichever occurs first."

3. The Funds served the Citation on Global by certified mail, return receipt requested. The return receipt addressed to Global's president, Carmen Gratace, was signed on October 29 (copy attached as Exhibit B).

4. Hugh Henry had been performing work as a subcontractor of Global on a construction project at 635 W. Roosevelt Road in Chicago, Illinois ("Roosevelt Project") for which Global was the general contractor. First American was retained as title company for that project. In short, the process for distributing payment for work on that project was that Global would give First American confirmation of the amount due to Hugh Henry, and then First American would distribute that amount to Hugh Henry or to entities to which Hugh Henry owed money, as Hugh Henry directed. First American's representative assigned to that Roosevelt Project was Barbara Kimberly. (Transcript of April 12, 2019 deposition of Barbara Kimberly attached as Exhibit C, see pages 9-24.)

5. On or about October 17, Hugh Henry submitted a final waiver of lien, requesting that money due to Hugh Henry from the Roosevelt Project be distributed to other entities to which Hugh Henry owed money in specified amounts. (Exhibit D, Final Waiver of Lien; Ex. C at 14-24.)

6. Over the next few weeks, First American distributed Hugh Henry's money to entities to which Hugh Henry owed money as directed in the Final Lien Waiver, once those entities provided sufficient documentation to First American. Specifically, First American distributed the following:

    (a) On or after November 1, First American paid $29,574.05 of Hugh Henry's money to Chicago Carpenters Trust Funds. (Check attached as Exhibit E; Ex.

     C at 23-24.)

  (b)  On or after November 15, First American paid $24,857.33 of Hugh Henry's money to Doka USA Ltd. (Check attached as Exhibit F; Ex. C at 22.)

  (c)  On or after November 19, First American paid $21,092.39 of Hugh Henry's money to Ozinga Ready Mix Concrete, Inc. (Check attached as Exhibit G; Ex. C at 19-21.)

7. With these three checks, First American distributed $75,523.77 of assets belonging to Hugh Henry after Global received the Citation on October 29 (Ex. E, F & G). But First American only distributed this money with permission from Global. Ms. Kimberly testified that First American would have put a hold on these payments, had Global directed First American to cease distributing Hugh Henry's assets in this way (Ex. C at 25-28).

8. The Citation prohibited Global "from making *or allowing any transfer or other disposition of* ... any property ... belonging to the judgment debtor." (Ex. A at 2, emphasis added). Thus, the Citation's prohibition applied not just to money Global may have been holding itself, but further to allowing any transfer of Hugh Henry's assets by other parties. 735 ILCS 5/2-1402(f)(1).

9. As of October 29 when Global was served with the citation, Global had already given authority to First American to distribute Hugh Henry's money to creditors of Hugh Henry specified in the Final Waiver of Lien. But Ms. Kimberly testified that she would not have issued these checks from Hugh Henry's funds had Global retracted that authorization (Ex. C at 24-28). Thus, Global impermissibly allowed a transfer of Hugh Henry's assets that Global had control over.

10. A parallel factual situation was presented in *Laborers' Pension Fund v. A&C Envtl., Inc.*, 2005 U.S. Dist. LEXIS 7892, *11 (Apr. 19, 2005) (Schenkier, Magistrate J.), involving checks issued by the judgment debtor prior to service of a citation on it, but which were only presented to the bank after service of the citation. The Court in that case held that, when the debtor "received the

4

citation, it had the ability to stop payment on any checks not yet cashed. By failing to do so, [the debtor] violated the terms of the citation by allowing the funds represented by the checks to be transferred to the payees." *Id.* at *10-11. The Court specifically relied upon the prohibition in 735 ILCS 5/2-1402(f)(1) from "allowing any transfer" of the debtor's assets. *Id.*

11. Likewise here, Global authorized the transfer of Hugh Henry's assets before Global was served with the Citation. But once served, Global was prohibited from "allowing" these pre-arranged transfers of Hugh Henry's assets to continue. *A&C Envtl., Inc.*, 2005 U.S. Dist. LEXIS 7892 at *10-11. The remedy for a third-party's violation of a third-party citation to discover assets is for the Court to "enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser." 735 ILCS 5/2-1402(f)(1).

12. The Funds respectfully request that a judgment be entered against Global for $75,523.77 which is the amount of assets of Hugh Henry that Global allowed to be transferred to other creditors of Hugh Henry after Global was served with the Citation on October 29.

13. In the event that there are disputes of material fact that would be determinative of the Funds' right to the requested judgment against Global, this Court has the authority to order a trial to resolve those disputes. Ill. S. Ct. R. 277(e); *Xcel Supply LLC v. Horowitz*, 2018 IL App (1st) 162986 ¶¶43-45. The Funds request a trial should the Court conclude that disputes of material fact must be resolved to properly adjudicate the parties' rights.

**WHEREFORE,** the Funds request that this Court enter judgment against Global Builders, Inc., in the amount of $75,523.77.

| | |
|---|---|
| J. Peter Dowd (#0667552) | Respectfully submitted, |
| Josiah A. Groff (#6289628) | |
| William M. Kinney (#6286597) | /s/ Josiah A. Groff |
| Elizabeth L. Rowe (#6316967) | |
| DOWD, BLOCH, BENNETT, CERVONE, AUERBACH & YOKICH | One of the Judgment Creditors' Attorneys |
| 8 S. Michigan Avenue, 19th Floor | |
| Chicago, Illinois 60603 | |
| (312) 372-1361 | |

April 19, 2019